IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| CHARLES B. DUPREE, *et al.*, | |
| Plaintiffs, | |
| vs. | 99-8337-CIV-JORDAN |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, *et al.*, | |
| Defendants. | |

## VERIFIED MOTION FOR COSTS

Defendants[1] respectfully move the Court and Clerk to tax Defendants' costs incurred in this action, as set forth in the attached Bill of Costs, against Plaintiffs.[2] In support of their motion, Defendants submit the following Memorandum of Law.

## MEMORANDUM OF LAW

Defendants are entitled to their costs incurred in their lengthy defense of this lawsuit first brought by Plaintiffs in 1999. Federal Rule of Civil Procedure 54(d)(1) states in relevant part that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Thus, there is a presumption that the

---

[1]   The defendants in this case are Prudential Insurance 1 Company of America, Arthur F. Ryan, Franklin E. Agnew, Frederic K. Becker, James G. Cullen, Carolyne K. Davis, Roger A. Enrico, Allan D. Gilmour, William H. Gray, III, Jon F. Hanson, Glen H. Hiner, Constance J. Horner, Gaynor N. Kelley, Ida F.S. Schmertz, Charles R. Sitter, Donald L. Staheli, Richard M. Thomson, James A. Unruh, P. Roy Vagelos, Stanley C. Van Ness, Paul A. Volcker, Joseph H. Williams, and Gilbert F. Casallas.

[2]   The plaintiffs in this case are Charles Dupree, Carole L. Dupree, Bruce Poulsen, Leonard Juliano, Robert A. Shaw, Charles D. Neal, and Isaac Ben Ezra.

prevailing party will recover the costs it incurs in pursuing its claims against a liable defendant. *See Arcadian Fertilizer, L.P. v. MPW Indus. Servs.*, 249 F.3d 1293, 1296 (11th Cir. 2001). Costs "should be denied only as a penalty to the prevailing party for some defection on its part during the litigation." *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1339 (M.D. Fla. 2002). Defendants here are unquestionably the "prevailing party" under Rule 54(d)(1). *See Head v. Medford*, 62 F.3d 351, 355 (11th Cir. 1995) ("Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of rule 54(d)."). On August 10, 2007, the Clerk entered judgment dismissing all claims against Defendants, and the Judgment signed by Judge Adalberto Jordan stated that "Costs *will* be taxed upon appropriate motion." (Judgment of 8/10/2007 [Dkt. #296].)

The costs that may be taxed in favor of a prevailing party under Rule 54(d) are specified in 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 440-41 (1987). Section 1920 provides, *inter alia*, that a prevailing party is entitled to: "(1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; [and] (4) Fees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920.

The amounts that Defendants claim here and to which they are entitled under Rule 54(d) and 28 U.S.C. § 1920 are as follows:

| | |
|---|---|
| Fees of the Court Reporter | $18,067.05 |
| Fees and Disbursements for Witnesses | $ 8,038.32 |
| Fees for Exemplification and Copies of Papers | $ 6,872.10 |
| Total | **$32,977.47** |

*See* Ex. A. The specific calculation of the cost for each of these categories is discussed

2

individually below.  Summaries of cost calculations and copies of invoices supporting those

calculations are found in the Exhibits to this Memorandum.  The above list of costs is by no

means exhaustive of all expenses incurred by Defendants in litigating this action and that

are taxable against Plaintiffs under 28 U.S.C. § 1920.  Rather, Defendants have

attempted to claim only those items that are unquestionably taxable and for which

expenses could be ascertained with reasonable certainty.

## I.  FEES OF THE COURT REPORTER

Section 1920(2) authorizes the Court to tax the "fees of the court reporter for

all or any part of the stenographic transcript necessarily obtained for use in the case."  28

U.S.C. § 1920(2).  Defendants seek reimbursement under this rule for the costs of

deposition transcripts and trial transcripts as outlined in the Bill of Costs, Exhibit A.

### A.  Deposition Transcripts

Section 1920(2) authorizes the Court to tax the costs of deposition transcripts

obtained by Defendants for use in the case.  *See W&O, Inc.*, 213 F.3d at 621.  A

deposition need not be used at trial in order to be taxable against a non-prevailing party.  *Id.*

Rather, a deposition is taxable if it appeared to be "reasonably necessary to the parties in

light of the particular situation existing at the time the deposition was taken."  *DiCecco v.*

*Dillard House, Inc.*, 149 F.R.D. 239, 241 (N.D. Ga. 1993); *see also Tang How v. Edward J.*

*Gerrits, Inc.*, 756 F. Supp. 1540, 1545-46 (S.D. Fla. 1991).  Section 1920(2) allows a Court to

tax the cost of obtaining any necessary deposition transcripts, including those of a party's own

employees and those noticed by the opposing party.  *See W&O, Inc.*, 213 F.3d at 622.

While a party is not required to use a deposition transcript in a pleading or at

trial in order to obtain its costs, *W&O, Inc.*, 213 F.3d at 621, Defendants did in fact use the

eleven deposition transcripts obtained in this case extensively.  Defendants generally used these depositions to determine the evidence they would present at trial, including their preparation of direct and cross examinations.  Defendants made further use of the depositions by presenting deposition designations or deposition-based stipulations in lieu of live testimony for several witnesses.  (Ten of the transcripts appeared on Defendants' Exhibit List for trial.)  Defendants also relied on each deposition in their summary judgment papers.

Finally, Defendants are seeking the costs they incurred in acquiring one additional deposition transcript of a witness that Plaintiffs included in their witness list.  As the Eleventh Circuit has held, "taxation of deposition costs of witnesses on the losing party's witness list is reasonable because the listing of those witnesses indicated both that the [defendant] might need the deposition transcripts to cross-examine the witnesses, . . . and that the information those people had on the subject matter was not so irrelevant or so unimportant that their depositions were outside the bound of discovery." *Maris Distributing Co. v. Anheuser-Busch, Inc.*, 302 F.2d 1207, 1225 (11th Cir. 2002) *(quoting W&O, Inc.*, 213 F.3d at 621).  Defendants are therefore entitled to their costs in acquiring all of the depositions for individuals that Plaintiffs named as potential witnesses.

In sum, Defendants incurred costs of $9,622.17 acquiring deposition transcripts that were obtained for use in the case.  *See* Ex. B.[3]

## B.    Hearing and Trial Transcripts

Defendants are also entitled to the costs they incurred in acquiring trial

---

[3]    Defendants are not asking the Court to tax as a cost any charges Defendants incurred in acquiring "min-u-script" condensed transcripts and, when necessary, have deducted such charges

transcripts. The cost of obtaining trial transcripts is taxable if those transcripts were necessarily obtained for use in the case. *See Maris Distributing*, 302 F.3d at 1225 (affirming award of expedited trial transcript costs in long and complex case). Defendants believed it was necessary to obtain trial transcripts throughout the case and used them extensively during and after trial. For example, Defendants used daily trial transcripts as a record of the Court's oral rulings before and during trial, to prepare cross-examinations of Plaintiffs' witnesses, to impeach Plaintiffs' witnesses during cross-examination, and to prepare trial memoranda for the Court. Defendants request that the Court tax Plaintiffs $8,444.88 for the costs Defendants incurred acquiring these trial transcripts. *See* Ex. C.

In sum, Defendants ask the Court to award them $18,067.05 for court reporter fees incurred in acquiring deposition transcripts and trial transcripts.

## III.    FEES AND DISBURSEMENTS FOR WITNESSES

Section 1920(3) also authorizes the taxation of fees and disbursements a prevailing party incurs for witnesses, as defined in 28 U.S.C. § 1821. These costs include, *inter alia,* witness and mileage fees paid for a witness's attendance at a deposition or trial and the travel, lodging, and meal expenses incurred by witnesses required to travel out-of-town to testify at trial. *See id.*

### A.    Travel, Lodging, and Meals for Out of Town Trial Witnesses

Sections 1821 and 1920(c) authorize the award of costs to reimburse witnesses for their reasonable travel and lodging expenses incurred in order to appear at trial. 28 U.S.C. §§ 1821, 1920(c). These fees include airfare as well as lodging and dining expenses up to the

---

from their actual costs. Defendants have also deducted charges they incurred for express shipping of transcripts.

*per diem* limits set by the Administrator of General Services "when an overnight stay is required at the place of attendance." 28 U.S.C. § 1821. The Administrator of General Services has set the lodging rate for Miami, Florida at $157 per night and the "Meals & Incidental Expenses" rate ("M&IE") at $59. *See per diem* rates from the General Services Administration website, www.gsa.gov). Defendants incurred travel-related expenses for 6 witnesses who were required to travel to Miami to appear at trial. Their airfare, hotel and meal charges are detailed on Exhibit A, with receipts in Exhibit D. To the extent that hotel and meal expenses exceeded the statutory *per diem* rates, deductions have been made to comply with the statutory limitation. See 28 U.S.C. § 1821(d)(1)-(2). In total, Defendants claim $8,038.32 in travel, lodging, and meals for out-of-town trial witnesses.

## IV.   FEES FOR COPIES OF PAPERS

Under 28 U.S.C. § 1920(4), Defendants may also claim as costs "fees for exemplification and copies of papers necessarily obtained for use in the case." For photocopying costs to be taxable, it is not required that the copies be used as exhibits or furnished to the court or opposing counsel. *See W&O, Inc.*, 213 F.3d at 623; *America Key Corp. v. Cumberland Associates*, 102 F.R.D. 496, 499 (N.D. Ga. 1984). Rather, photocopying costs are taxable if the Plaintiffs "reasonably believed" such copying to be necessary. *See W&O, Inc.*, 213 F.3d at 623.

Section 1920(4) generally allows a prevailing party to recover the costs they incurred in photocopying documents produced during discovery. *See W&O, Inc.*, 213 F.3d at 623; *Allen*, 122 F.R.D. at 591. A total of 14,774 pages were copied, at 10 cents per page. A summary of these costs are attached in the Appendix Exhibit B. Defendants ask for $1,477.40 for the cost of copying the documents produced to the Plaintiffs in this case.

Section 1920(4) also allows the prevailing party to recover the cost of copying documents filed with the Court and served on opposing counsel. *See Allen*, 122 F.R.D. at 591; *Desisto College*, 718 F. Supp. at 913. Such documents include motions, notices, memoranda of law, and accompanying exhibits. Defendants are only seeking reimbursement for summary judgment and trial filings. For each of these filings, two copies were provided to the Court and 3 copies to Plaintiffs (one to each counsel of record, as Plaintiffs requested).

The cost of copying trial exhibits is taxable as well. *See Beraha*, 870 F. Supp. at 1092. Defendants ask for the cost of copying their exhibits for the Court (two copies), and for Plaintiffs (one copy). Defendants ask only for taxing costs of copies of exhibits that were admitted into evidence at trial. Defendants counted that their admitted trial exhibits contained 12,874 pages. Defendants thus ask for $3,862.20 for the cost of copying their trial exhibits that were admitted into evidence.

In sum, Defendants claim $6,872.10 in fees for exemplification and copies of papers necessarily obtained for use in the case. *See* Ex. A for detail, with invoices attached as Ex. E.

## CONCLUSION

The total amount of costs claimed by Defendants under Fed. R. Civ. P. 54(d) is $32,977.47. Defendants respectfully request that the Court award them this amount as their costs of suit.

Respectfully submitted this 4th  day of September, 2007,

By: _____

Karen M. Wahle
O'Melveny & Myers LLP
1625 Eye Street, N.W.
Washington, D.C.  20006-4001


Bradford D. Kauffman
Joseph C. Coates, III
Greenberg Traurig, PA
777 South Flagler Drive
West Palm Beach, FL 33401-6198

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of Defendants' Verified Motion for

Costs was served on the following counsel of record by the means indicated, on this 7th day of

September, 2007.

Zell Davis, Jr., PA (U.S. Mail)
Zell Davis, Jr.
3001 Lake Drive
Singer Island
Riviera Beach, FL  33404

James S. Ray (via U.S. mail)
Law Offices of James S. Ray
706 Duke Street, Second Floor
Alexandria, VA  22314

David S. Stellings (U.S. mail and facsimile)
Lieff, Cabraser, Heimann & Bernstein, LLP
780 Third Avenue, 48th Floor
New York, NY  10017-2024

FBN 03048

## VERIFICATION BY CERTIFICATION

I, Karen M. Wahle, certify, under penalty of perjury, that I am one of the attorneys who represents defendants in the above-caption case.  Under penalties as provided by law, I certify that I have fully reviewed the foregoing motion and supporting data, and, to the best of my knowledge, the facts stated in Defendants' Verified Motion for Costs are true and correct, and Defendants' Verified Motion for Costs is well grounded in fact and justified.

_____
Karen M. Wahle

Dated: September 4, 2007

DC1:718772.1
12:39 PM